IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00043-REB-MEH

THE HARTFORD INSURANCE COMPANY OF THE MIDWEST,

    Plaintiff,

v.

PHILLIP INSURANCE AGENCY INCORPORATED,

    Defendant.

---

## ORDER TO APPEAR AND FINDING OF CONTEMPT

---

This Court ordered Defendant and Defendant's counsel to jointly reimburse Plaintiff's counsel for attorney's fees and expenses incurred in connection with the December 22, 2006 settlement conference, because Defendant's counsel informed Defendant she need not appear in person, despite Court orders to the contrary (Docs. ##13, p. 9; 15, and 23), and Defendant failed to appear in person or by telephone. Dock. #29. Plaintiff's counsel submitted his affidavit of fees (Dock. #30), and the Court ordered Defendant and Defendant's counsel to pay the sum of one thousand three hundred dollars ($1,300.00) to Plaintiff's counsel and to file a Certificate of Compliance with this Court regarding the same no later than January 26, 2007. Dock. #32. After no Certificate of Compliance was filed, the Court ordered Defendant and Defendant's counsel to show cause in person on February 6, 2007, why they should not be held in contempt of court, either criminal or civil, for their failure to comply with this Court's Orders. Dock. #35. Defendant and Defendant's counsel both failed to appear. The Court attempted to contact Defendant's counsel at his office, but he was unavailable.

On February 7, 2007, Defendant filed a Motion to Reconsider Order for Attorney Fees [Filed February 7, 2007; Docket #39], arguing that the Court improperly held him liable for his client's

failure to appear.  The Court first ordered sanctions on December 22, 2006, and ordered the amount to be paid on January 2, 2007.  Defendant's Motion falls outside the ten-day time period for seeking review of an order or appealing an order under 28 U.S.C. § 636.  Thus, the Motion is **denied** as untimely.  *See Maggio v. Zeitz*, 333 U.S. 56, 59 (1948) ("[A] contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy. The procedure to enforce a court's order commanding or forbidding an act should not be so inconclusive as to foster experimentation with disobedience.").

Both Defendant and Defendant's counsel have failed to show cause, and, therefore, the Court finds them in civil contempt of court.  *See International Union v. Bagwell*, 512 U.S. 821, 827 (noting that contempt is civil if "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus 'carries the keys of his prison in his own pocket'") (citations omitted).  It is hereby ORDERED that **Defendant and Defendant's counsel shall both appear before this Court in person on Tuesday**, **February 20, 2007, at 9:45 a.m.**, to address the appropriate sanction for their contempt of court.

It is further ORDERED that the Clerk of the Court shall mail a copy of this Order to Defendant at the following address:

Inga Phillip, CEO
Phillip Insurance
3025 S. Parker Road, #203
Aurora, CO 80014

Dated at Denver, Colorado this 12th day of February, 2007.

BY THE COURT:

  s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

2