**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-00043-REB-MEH

HARTFORD INSURANCE COMPANY OF THE MIDWEST, an Indiana corporation,

    Plaintiff,

v.

PHILLIP INSURANCE AGENCY INCORPORATED, a Colorado corporation,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matter before me is defendant's **Motion For Summary Judgment** [#16], filed July 3, 2006.  I grant the motion.

### I.  JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. §1332 (diversity of citizenship).

### II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  **FED.R.CIV.P.** 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); **Farthing v. City of Shawnee**, 39 F.3d

1

1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  **Concrete Works**, 36 F.3d at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999).  However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.  **Rice v. United States**, 166 F.3d 1088, 1092 (10th Cir.), **cert. denied**, 120 S.Ct. 334 (1999); **Nutting v. RAM Southwest, Inc.**, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### III.  ANALYSIS

Defendant was an agent of plaintiff authorized to deliver insurance policies issued by plaintiff.  In November, 1998, defendant was approached by Randy Schneiderman and Laura White about securing insurance on a piece of property in Nebraska.  Although defendant requested a quote from plaintiff, it never received one, and eventually learned that plaintiff was not interested in insuring the property.

Nevertheless, defendant issued an "Evidence of Property Insurance" form to Schneiderman and White with a fictitious policy number purporting to show that the property was covered under an insurance policy issued by plaintiff. In June, 1999, the property was damaged by hail. Schneiderman and White advised defendant of the damage, which defendant assured them was insured. No claim was ever submitted to defendant, however.

Schneiderman and White subsequently sued plaintiff for breach of insurance contract and defendant for negligence and negligent misrepresentation. Defendant settled prior to trial. The claim against plaintiff proceeded to trial. On September 5, 2001, a jury found plaintiff liable for breach of contract and awarded Schneiderman and White $1,845,200.00 in damages. The judgment was upheld on appeal. After the Colorado Supreme Court denied certiorari, plaintiff satisfied the judgment, which with interest and costs ultimately totaled $2,492,843.50. This lawsuit followed.

Plaintiff avers a single claim for relief for indemnification. Defendant advances several reasons why this claim cannot survive summary judgment, but I find one dispositive. Regardless of whether plaintiff's claim is brought as a common law indemnity claim or arises instead under the Uniform Contribution Among Tortfeasors Act, §§13-50.5-101-106, C.R.S., a prerequisite to either claim for relief is the existence of two or more parties jointly liable in tort on the underlying claim. **See** §13-50.5-102(1), C.R.S. ("Except as otherwise provided in this article, where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though

judgment has not been recovered against all or any of them."); RESTATEMENT (SECOND) OF TORTS § 886B ("If two persons are liable in tort to a third person for the same harm and one of them discharges the liability of both, he is entitled to indemnity from the other if the other would be unjustly enriched at his expense by the discharge of the liability."). However, plaintiff was not found liable to Schneiderman and White on a tort theory, but rather for breach of contract. Plaintiff, therefore, is not a joint tortfeasor. Although there certainly may be other causes of action that plaintiff could pursue, it has no right of contribution or indemnity from defendant under Colorado law. *McKinley v. Willow Construction Co.*, 693 P.2d 1023, 1026 (Colo.App. 1984). Thus, there is no genuine issue as to any material fact and the defendant, as movant, is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c)

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant's **Motion For Summary Judgment** [#16], filed July 3, 2006, is **GRANTED**;

2. That plaintiff's claim against defendant for indemnification is **DISMISSED WITH PREJUDICE**;

3. That judgment **SHALL ENTER** in favor of defendant, Phillip Insurance Agency, Inc., and against plaintiff, Hartford Insurance Company of the Midwest, on plaintiff's claim for indemnification from defendant;

4. That the Trial Preparation Conference, currently scheduled for Friday, August 17, 2007, at 9:00 a.m., as well as the trial, currently scheduled to commence on Monday, August 20, 2007, are **VACATED**; and

5.  That defendant is **AWARDED** its costs to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated February 22, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**